

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# In Re: Barry

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"In Re: Barry " (2005). *2005 Decisions.* Paper 1112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4381
_____

IN RE: ARTHUR BARRY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court for the District of the Virgin Islands
(Related to Civil App. No. 04-cv-00054)

_____

Submitted Under Rule 21, Fed. R. App. P.
April 29, 2005
BEFORE: SCIRICA Chief Judge, WEIS and GARTH, Circuit Judges
Filed  May 31, 2005

_____

OPINION

_____

PER CURIAM.

After a jury trial in the Territorial Court for the U.S. Virgin Islands, Arthur

O. Barry, Jr. was convicted of involuntary manslaughter and sentenced to a five-year term

of imprisonment.  He also was found not guilty by reason of insanity on charges of

attempted first degree murder, and first and second degree arson, and was committed until

he regained a sound capacity for judgment pursuant to V.I. Code Title 5, § 3637(a) & (b).

Barry filed a petition for writ of habeas corpus in the Territorial Court.

First, the Territorial Court denied the petition.  Barry moved for reconsideration, and the

Territorial Court reconsidered its decision and granted reconsideration. *See Barry v. Phillips*, Civ. No. 625/03 (V.I. Terr. Ct. March 9, 2004) (Appendix at 145-51). The Territorial Court also ordered the government to show cause why the relief Barry requested should not be granted. *See id.* Then, on March 12, 2004, after a hearing, the Territorial Court dismissed Barry's petition for writ of habeas corpus because Barry had an adequate remedy at law in the underlying criminal proceedings. *See* Transcript of March 12, 2004 hearing (Appendix at 166-72).

Barry appealed from the March 12, 2004 order dismissing his petition to the District Court for the Virgin Islands. On June 3, 2004, he moved for immediate release from custody pending appeal pursuant to Federal Rule of Appellate Procedure 23. In November, he filed a petition for writ of mandamus in this Court, seeking an order to compel the District Court to rule on his motion for immediate release.

Barry's mandamus proceeding was dismissed for failure to prosecute on December 20, 2004, because he did not pay the fees or file a complete application to proceed *in forma pauperis*. He then filed a "motion to reopen [his] case for expedited review," as well as a complete application to proceed *in forma pauperis*, which has been granted. Barry has timely shown good cause to reopen his case, so his motion to reopen is granted. However, his petition for writ of mandamus will be denied.

Mandamus is an extraordinary remedy. *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed

jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Id.* (citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable.'" *See In re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

Barry argues that the District Court has unduly delayed in deciding his motion for immediate release. Although an appellate court may issue a writ of mandamus when an undue delay in adjudication can be considered a failure to exercise jurisdiction that rises to the level of a due process violation, *see Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996), a writ of mandamus is not appropriate here. Barry's motion for immediate release from custody was ancillary to his appeal from the Territorial Court's order dismissing his petition. On December 13, 2004, the District Court considered his appeal and determined that it could not reach the merits at that time because Barry had not obtained a certificate of probable cause for appeal. The District Court remanded the case to the Territorial Court for a determination whether a certificate of probable cause should issue. The delay in adjudication of Barry's motion is not a failure to exercise prescribed jurisdiction. The delay is merely a consequence of the District Court's compliance with the Virgin Islands Rules of Appellate Procedure, *see* V.I.R.A.P. 14 (2005).

Accordingly, the Petition for Mandamus will be denied.